Opinion Issued October 9, 2008















In The
Court of Appeals
For The
First District of Texas

 ____________________

NO. 01-08-00296-CV

 ____________________

IN RE TEXAS BEST STAFF LEASING, INC. D/B/A ALT-SOURCE,
Relators









Original Proceeding on Petition for Writ of Mandamus









* * *

_____________________

NO. 01-08-00418-CV
_______________

TEXAS BEST STAFF LEASING, INC. D/B/A ALT-SOURCE,
Appellant

V.

GERARDO HERRERA,
Appellee








On Appeal from the 280th Judicial District Court 
Harris County, Texas
Trial Court Cause No. 2007-33595









MEMORANDUM OPINION




          By way of interlocutory appeal and petition for writ of mandamus, Texas Best
Staff Leasing, Inc. d/b/a Alt-Source (“Alt-Source”) seeks relief from the trial court’s
denial of its motion to compel arbitration.


 In its sole issue, Alt-Source contends that
the trial court abused its discretion by denying the motion. We conclude that the
Federal Arbitration Act (FAA) applies to this agreement and that the trial court did
not abuse its discretion by denying the motion to compel arbitration because Alt-Source waived its argument under section 5 of the FAA by failing to present that
argument to the trial court. Accordingly, we dismiss the interlocutory appeal and
deny the petition for writ of mandamus. 
Background

          In September 2006, Alt-Source, a staff leasing company, hired real party in
interest, Gerardo Herrera. Herrera was assigned to work at Strong Industries Inc.
(“Strong”), a client company of Alt-Source.


 
          Prior to employment with Strong, Herrera signed an Applicant
Acknowledgment of Terms & Conditions of Application and/or Employment (“the
Acknowledgment”) and a New Employee Acknowledgment List (“the
Acknowledgment List”) (collectively, “the Agreement”) with Alt-Source. The
Acknowledgment stated, in part,
13. The Employee Handbook is provided to you for information and
immediate reference. Not only will you be issued your own personal
handbook, there will be a copy in the office for your reference. Please
read this booklet carefully and completely. Policies included in this
booklet except for the Employment-At-Will Policy and the Dispute
Resolution Agreement are subject to unilateral change by the Company
from time to time. Please acknowledge receipt of the Employee
Handbook by signing below. I hereby acknowledge that I have been
advised that Alt-Source is a Professional Employer Organization. I
further acknowledge that Alt-Source has entered into a staffing
arrangement with my assigned worksite employer. I also certify that I
have had, or will have, an opportunity to read and become familiar with
the terms of the Employee Handbook before beginning work for Alt-Source and my assigned worksite employer . . . .
 
The Acknowledgment List stated, in part,

2. I will read this handbook—specifically the sections regarding: Drug
Free Workplace Policy, Occupational Accident Insurance, Re-Assignment Policy, Company Rules and Regulations, Workplace
Harassment Policy, Separation Policy, Payroll Deductions, Dispute
Resolution System . . . .
 
5. Yo entiendo que el Manual de Politica esta escrito en Ingles. 
Tambien entiendo que soy responsable de entender el contenido de este
manual. Es mi responablidad de traducir este manual por medio de una
person[a] con quien trabajo o un miembro de mi familia.
 
Si tiene alguna pregunta, por favor preguntele a su supervisor. 
 
I understand the Employee Handbook is written in English. I also
understand I am responsible for understanding the contents of this
manual. It is my responsibility to have this manual translated by a
trusted co-worker or family member.
 
If you have any questions, please see your supervisor. 
 
The Employee Handbook (“the Handbook,” also encompassed by “the Agreement”)
included a section titled “Dispute Resolution System—Mediation & Arbitration,”
which stated, in part,
This Company, all of the members thereof, their parents, subsidiaries,
affiliated organizations and each, every and all of its and their other
employees, officers, directors, co-employers and / or shareholders, and 
/ or all of their subcontractors, customers, clients and You, the
Employee, individually and on behalf of your heirs, spouse,
representatives, attorneys, successors, and assigns, mutually contract and
agree that, each, every, any and all claims, disputes or controversies,
now existing or hereafter arising, whether now known or unknown,
including the arbitrability of any claim, dispute or controversy, shall be
exclusively resolved by the mediators of National Mediation Arbitration,
Inc.; if mediation is unsuccessful, the settlement of the dispute shall be
by final and binding arbitration exclusively conducted under the
Arbitration Rules of, administered by the staff of, and conducted before
(an) arbitrator(s) of National Mediation Arbitration, Inc. The Mediation
and Arbitration Rules of National Mediation Arbitration, Inc. as
respectively then in effect on the date of a request for mediation, and /
or on the date of a timely demand, request or submission to arbitration,
respectively, are expressly stipulated and agreed to be incorporated into
this agreement as though set forth at length herein. All such mediation
and or arbitration proceedings shall be exclusively pursuant to the
provisions of, and jurisprudence interpreting, the Federal Arbitration
Act . . . .
 
You the Employee, and your Employer, mutually contract and agree that
the procedures set forth herein shall be the sole and exclusive remedies
or process available for resolving and finally settling each, every, any
and all claims, between or among them, and all other persons named,
described, referred to, and / or stated anywhere in this agreement; such
claims, disputes and controversies shall include. . . . [T]heories of
contract, quasi-contract, duty obligation, death, personal injury, tort . .
. .
 
The parties . . . . further agree and stipulate that this agreement shall
constitute, and may be used as, a full and complete judicial and / or
arbitral admission that their transaction(s) may affect and / or do
constitute interstate commerce. The parties expressly agree to pay their
respective share of all fees and expenses for each mediation and / or
arbitration, unless otherwise agreed or determined according to the
N.M.A.I. Mediation or Arbitration Rules. 
            
(emphasis added). National Mediation Arbitration, Inc. (“NMAI”), the arbitrator
exclusively designated in the Handbook for resolution of disputes, forfeited its right
to do business in the state of Texas on August 22, 2003. Herrera signed the
Agreement on September 12, 2006, which was over three years after NMAI ceased
doing business in Texas. 
          While at Strong, Herrera was injured when a co-worker caused a container to
run over his foot. Herrera sued Strong and Alt-Source under theories of negligence
and vicarious liability. Alt-Source moved to abate and compel arbitration, which the
trial court denied. Alt-Source seeks mandamus relief (1) to vacate the order denying
its motion to abate and compel arbitration, and (2) for an order granting its motion. Appellate Jurisdiction
          In this petition for writ of mandamus and interlocutory appeal, Alt-Source
posits that the Agreement incorporates both the FAA and the TAA. Herrera responds
that the Agreement is exclusively governed by the FAA. 
          When a trial court denies a motion to compel based on the FAA,


 the motion
is reviewed by mandamus. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex.
1992). When a trial court denies a motion to compel based on the Texas Arbitration
Act (TAA),


 the motion is reviewed by interlocutory appeal. Tex. Civ. Prac. &
Rem. Code Ann. § 171.098 (Vernon 2005). 
          Parties may validly contract for application of the FAA. See In re Kellogg
Brown & Root, 80 S.W.3d 611, 617 (Tex. App.—Houston [1st Dist.] 2002, orig.
proceeding). The FAA also applies to contracts evidencing transactions that involve
interstate commerce. 9 U.S.C.A. §§ 1–2 (West 1999); Tipps, 842 S.W.2d at 269–70. 
          In the briefs filed in this court and in the documents signed by the parties, the
parties agree that the FAA applies. The Handbook states that all mediation and
arbitration proceedings “shall be exclusively pursuant” to the FAA. The employer
and employee also agree in the Handbook to an “arbitral admission that their
transaction(s) may affect and / or do constitute interstate commerce.” 
          The parties dispute whether, in addition to the FAA, the TAA applies. Alt-Source contends in the interlocutory appeal that “the Agreement incorporates both the
FAA and the TAA.” However, Alt-Source does not explain why the TAA applies. 
The Agreement does not reference the TAA anywhere. The only references to
arbitration in the Agreement are to the FAA and to interstate commerce. Because the
Agreement exclusively references the FAA and law pertaining to the FAA, we
conclude that only law pertaining to the FAA applies. See Kellogg Brown & Root,
80 S.W.3d at 617.
          Alt-Source cites EZ Pawn Corp. v. Mancias as precedent in which a party seeks
relief by petition for writ of mandamus and by application for writ of error. 934
S.W.2d 87, 88 (Tex. 1996). However, Mancias is distinguishable from the instant
matter because the arbitration agreement in Mancias incorporated both the FAA and
the TAA. Id.; see also In re D. Wilson Constr. Co., 196 S.W.3d 774, 779 (Tex. 2006)
(holding FAA and TAA both invoked when contract says it shall be governed by law
of place where project is located and does not reference either FAA or TAA). 
          We conclude that only the FAA governs and review the trial court’s decision
by virtue of Alt-Source’s mandamus petition. See Kellogg Brown & Root, 80 S.W.3d
at 617. Because nothing suggests that the parties intended the Agreement to invoke
the TAA, we dismiss Alt-Source’s interlocutory appeal.
The Petition for Mandamus
           In its sole issue, Alt-Source contends that the trial court abused its discretion
by denying the motion to compel arbitration.
A.      Applicable Law
          Mandamus relief is available only to correct a “clear abuse of discretion” when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W. 2d 833, 839
(Tex. 1992) (orig. proceeding). A clear abuse of discretion occurs when a trial court
“reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.” Id. (quoting Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985) (orig. proceeding) (internal quotation marks omitted)). 
The reviewing court may not substitute its judgment for that of the trial court when
reviewing factual issues. Id. at 839–40. Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court’s decision unless the
decision is shown to be arbitrary and unreasonable. Id. at 840. When a motion to
compel arbitration under the FAA has been erroneously denied, there is no adequate
remedy by appeal, and mandamus will issue. In re Merrill Lynch Trust Co. FSB, 123
S.W.3d 549, 553 (Tex. App.—San Antonio 2003, orig. proceeding). 
          Federal law strongly favors arbitration. See Cantella & Co., Inc. v. Goodwin,
924 S.W.2d 943, 944 (Tex. 1996) (per curiam). A presumption exists in favor of
agreements to arbitrate under the FAA. See id. Courts must resolve any doubts about
an agreement to arbitrate in favor of arbitration. See id. A party seeking to compel
arbitration must establish the existence of a valid arbitration agreement and show that
the claims in dispute fall within the scope of that agreement. In re Bank One, N.A.,
216 S.W.3d 825, 826 (Tex. 2007) (per curiam); In re FirstMerit Bank, N.A., 52
S.W.3d 749, 753 (Tex. 2001). In determining the validity of arbitration agreements
under the FAA, we generally apply state-law principles governing the formation of
contracts. In re Palm Harbor Homes, Inc., 195 S.W.3d 672, 676 (Tex. 2006). 
Whether a valid arbitration agreement exists is a legal question subject to de novo
review. D. Wilson Constr. Co., 196 S.W.3d at 781. Once the trial court determines
that a valid arbitration agreement exists, the burden shifts to the party opposing
arbitration to prove its defenses. J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223,
227 (Tex. 2003). 
B.      Analysis
          There is no dispute between the parties that if the Agreement is enforceable,
Herrera’s claims fall within the scope of the Agreement, which he signed. The
dispute between the parties only concerns whether Herrera met his burden to prove
his defenses in opposition to arbitration. Alt-Source contends that the Agreement is
enforceable, even though NMAI was not in existence at the time the Agreement was
signed by Herrera. Herrera responds that the Agreement was void from its inception
on two alternative grounds. Herrera claims Alt-Source waived reliance on the gap-filling section 5 of the FAA because it never presented that theory to the trial court. 
Herrera also responds that although Alt-Source relied on the TAA in its arguments
to the trial court, the TAA is inapplicable to this case because the Agreement
specifically provides that it is governed by the FAA. Alternatively, Herrera contends
that merely naming an arbitrator is insufficient to compensate for NMAI’s absence
because NMAI was the sole and exclusive forum for any dispute resolution, which
was “central to the entire alternative dispute resolution system foisted by Alt-Source
on Herrera.” We do not reach the alternate argument because we conclude that the
trial court did not err by rejecting the arguments presented by Alt-Source. 
                    1.       Law Concerning Waiver
           “Equity is generally not served by issuing an extraordinary writ against a trial
court on a ground that was never presented to the court and that the court thus had no
opportunity to address.” In re Bank of America, N.A., No. 01-02-00867-CV, 2003
WL 22310800, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding)
(not designated for publication). Mandamus relief generally requires a predicate
request for an action and a refusal of that request. In re Perritt, 992 S.W.2d 444, 446
(Tex. 1999) (citing Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990)). 
However, the requirement that there be a predicate request and adverse ruling is
excused “when the request would have been futile and refusal little more than a
formality.” Terrazas v. Ramirez, 829 S.W.2d 712, 723 (Tex. 1991). To determine
whether a request would have been futile, courts examine whether or not the request
would have added anything for the court’s consideration. Perritt, 992 S.W.2d at 446. 
                    2. Waiver Analysis 
          In seeking mandamus relief, Alt-Source contends that section 171.041(b) of the
TAA and section 5 of the FAA jointly apply to remedy the nonexistence of NMAI. 
Alt-Source asserts that “there is a specific statutory mechanism in both the TAA and
the FAA that addresses this issue.” According to Alt-Source, the FAA, like the TAA,
permits the trial court to choose an alternate set of arbitrators. See FirstMerit Bank,
N.A., 52 S.W.3d at 757. To remedy the nonexistence of NMAI, Alt-Source urges that
the trial court should choose another arbitrator and enforce the Agreement under the
TAA and FAA. 
          Alt-Source correctly notes that the TAA and FAA each address the
appointment of arbitrators. Section 171.041(b) provides:
The court, on application of a party stating the nature of the issues to be
arbitrated and the qualifications of the proposed arbitrators, shall
appoint one or more qualified arbitrators if: (1) the agreement to
arbitrate does not specify a method of appointment; (2) the agreed
method fails or cannot be followed; or (3) an appointed arbitrator fails
or is unable to act and a successor has not been appointed.
 
Tex. Civ. Prac. & Rem. Code Ann. § 171.041(b). Section 5 of the FAA provides:
If in the agreement provision be made for a method of naming or
appointing an arbitrator or arbitrators or an umpire, such method shall
be followed; but if no method be provided therein, or if a method be
provided and any party thereto shall fail to avail himself of such method, 
or if for any other reason there shall be a lapse in the naming of an
arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the
application of either party to the controversy the court shall designate
and appoint an arbitrator or arbitrators or umpire, as the case may
require, who shall act under the said agreement with the same force and
effect as if he or they had been specifically named therein; and unless
otherwise provided in the agreement the arbitration shall be by a single
arbitrator.
 
9 U.S.C.A. § 5 (emphasis added). 
            Although in its petition for mandamus Alt-Source argues that section
171.041(b) of the TAA and section 5 of the FAA jointly apply, it did not reference
section 5 of the FAA in any way to the trial court. At trial, Alt-Source relied
exclusively on section 171.041(b) of the TAA to present its theory that NMAI’s
forfeiture of the right to do business in Texas did not render the entire Agreement
void. See Tex. Civ. Prac. & Rem. Code Ann. § 171.041(b). Alt-Source contended
that while the FAA controlled the Agreement, Texas procedure should be applied
under section 171.041(b) of the TAA. In its reply to plaintiff’s response to
defendant’s motion to compel arbitration, Alt-Source claimed that a “specific
statutory mechanism,” section 171.041(b) of the Texas Civil Practice and Remedies
Code, addressed the nonexistence of NMAI. In the same reply, Alt-Source stated that
“the Court should simply appoint a qualified arbitrator pursuant to the Texas Civil
Practice and Remedies Code.” In short, counsel for Alt-Source never gave the trial
court a chance to rule on whether section 5 of the FAA would allow the selection of
a replacement arbitrator. Because Alt-Source never requested that the trial court
apply the FAA’s provisions in section 5 concerning selection of an arbitrator, we
conclude that it has waived any complaint concerning the trial court’s failure to apply
that section in deciding whether an alternate arbitrator could be chosen. 
          Alt-Source contends that an exception to waiver is present in the instant matter
because arguing the application of section 5 to the trial court would have been futile.
See Perritt, 992 S.W.2d at 446. Perritt examined the issue of an argument’s futility
by examining whether or not the unprovided argument would have added anything
for the court’s consideration. Id. Here, it would not have been futile for Alt-Source
to present the theory that the FAA’s provisions in section 5 apply to this case because
the trial court could then have addressed that claim in deciding whether to enforce the
arbitration agreement. We hold the trial court did not err by not considering section
5 of the FAA as a basis for selection of a replacement arbitrator.  
                    3. The TAA
           Having determined that the trial court did not err by not applying the FAA’s
provisions in section 5, we must next determine whether the trial court erred by
failing to select an alternate arbitrator under the TAA, section 171.041(b) of the
Texas Civil Practice and Remedies Code. 
          As we noted above, here the parties validly contracted for the exclusive
application of the FAA. See Kellogg Brown & Root, 80 S.W.3d at 617. The parties
did not contract for the application of the TAA. Moreover, the TAA is inapplicable
in this personal injury case because “the TAA has imposed an enforceability
requirement not found in the FAA.” See In re D. Wilson Const. Co., 196 S.W.3d at
780 (citing In re Nexion Health at Humble, Inc., 173 S.W.3d 67, 69 (Tex. 2005))
(“The TAA interferes with the enforceability of the arbitration agreement by adding
an additional requirement—the signature of a party’s counsel—to arbitration
agreements in personal injury cases.”). Thus, the law pertaining to the enforceability
of this agreement is under the FAA only.
          We have determined that the trial court did not abuse its discretion by not
considering section 5 of the FAA because that argument was not presented to the trial
court. We also have determined that the trial court did not abuse its discretion by
rejecting Alt-Source’s reliance on TAA section 171.041(b) of the Texas Civil Practice
and Remedies Code because that section is inapplicable. We therefore conclude that
the trial court did not abuse its discretion by determining that the absence of NMAI
made the arbitration agreement unenforceable when NMAI was designated as the
exclusive arbitral forum. See Reddam v. KPMG LLP, 457 F.3d 1054, 1061 (9th Cir.
2006); In re Salomon Inc. S’holders’ Derivative Litig., 68 F.3d 554, 559–61 (2d Cir.
1995). 
            We hold that Alt-Source has not shown that the trial court abused its
discretion by refusing to enforce the arbitration agreement, which relied upon the
exclusive use of an arbitrator who was not in existence at the time the agreement was
signed and where no replacement arbitrator was selected. We therefore need not
reach the alternative arguments presented by Alt-Source that assert that the
Agreement included adequate consideration and was not unenforceable on grounds
of mistake and fatal indefiniteness; the Agreement was not induced by fraud; the
Agreement was not procedurally or substantively unconscionable; and the trial court
could have only reached one decision concerning the agreement.
 
 
 
Conclusion
By denying the motion to abate and compel arbitration on March 28, 2008, the
trial court did not abuse its discretion. Consequently, we dismiss the interlocutory
appeal and deny the petition for writ of mandamus. 
 
                                                                        Elsa Alcala,
                                                                        Justice
 
 
Panel consists of Justices Nuchia, Alcala, and Hanks.