**In re Billy Wayne PERRITT and Ann Perritt jointly d/b/a Golden Corral Family Steakhouse No. 348, Relators.**

No. 98–0934.

Supreme Court of Texas.

April 22, 1999.

Rehearing Overruled July 1, 1999.

---

John B. Gessner, Gessner & Flores, Dallas, John David Crisp, Crisp, Jordan & Boyd, Texarkana, John H. Barr, Burt Barr & Associates, Christopher M. Weil, Weil & Petrocchi, Dallas, Paul W. Nye, Chaves, Gonzales & Hoblit, Corpus Christi, for relators.

John R. Mercy, Atchley, Russell, Waldrop & Hlavinka, Lynn A. Grisham, Waltman & Grisham, Bryan, for respondent.

**PER CURIAM.**

In this original mandamus proceeding, we decide whether a judge designated by the presiding judge of the administrative judicial district to hear a recusal motion under Texas Rule of Civil Procedure 18a is also an assigned judge subject to objection and mandatory disqualification under section 74.053(b) of the Texas Government Code.[1] We hold that the assigned judge was subject to section 74.053(b) and conditionally grant the writ.

Billy Wayne and Ann Perritt own and operate a Golden Corral restaurant franchise. They, along with Golden Corral Corporation and Golden Corral Franchising Systems, Inc., were named as defendants in the underlying litigation. The real parties in interest to this proceeding are diners who claim they became ill after eating at the Perritts' restaurant.

The Perritts moved to recuse the trial judge, who referred the matter to the Presiding Judge of the First Administrative Judicial Region, Judge Pat McDowell. Judge McDowell, in turn, designated the Honorable Bill Stephens, a former judge subject to assignment under section 74.054(a)(2) of the Government Code, to hear the recusal motion. Golden Corral Corporation ("Golden Corral") objected to Judge Stephens under section 74.053(b), but Judge Stephens overruled that objection by written order.

Following Judge Stephens' ruling, the Perritts sought mandamus from the court of appeals based on Golden Corral's objection. Apparently neither Golden Corral nor Golden Corral Franchising Systems, Inc. participated in this proceeding, and

---

1. Section 74.053, "Objection to Assigned Judge," provides:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall

not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

the court of appeals denied all relief. The Perritts then filed the present original proceeding in this Court, and Golden Corral moved to join as Relators.

■ Although Judge Stephens clearly refused to recuse himself, the record does not reflect that the Perritts either joined Golden Corral's objection or independently asked Judge Stephens to step aside. Thus, we must first decide whether the Perritts may seek mandamus relief based on another party's objection in the trial court.

■ A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex.1990). Thus, real parties in interest argue that the Perritts' failure to object in the trial court defeats their right to mandamus relief here. On rare occasions we have relaxed this predicate when the circumstances confirmed that "the request would have been futile and the refusal little more than a formality." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex.1991). This is one of those occasions.

Golden Corral's objection clearly advised the trial court of its basis under section 74.053(b). Because the objection was timely, the assigned judge's disqualification was automatic if his assignment was under section 74.053. *In re Houston Lighting & Power Co.*, 976 S.W.2d 671, 672 (Tex.1998). Golden Corral did not have to provide a reason for the judge's removal.

*Houston Lighting & Power*, 976 S.W.2d at 672. The Perritts likewise could have objected to Judge Stephens under section 74.053(b). Had the Perritts filed their own formal objection to Judge Stephens, it would have added nothing for the court's consideration. Their objection would have been the same as Golden Corral's.[2] In these unusual circumstances, the Perritts' joinder in Golden Corral's objection in the trial court was not necessary. We conclude that the Perritts have standing.

■ Chapter 74 of the Government Code, the Court Administration Act, divides the state into nine administrative judicial regions, provides for the appointment of regional presiding judges, and authorizes these presiding judges to assign visiting judges to the courts in their region, among other things. Section 74.053(b) grants each party to a civil case one unqualified objection to any judge assigned by the presiding judge under the chapter. TEX. GOV'T CODE § 74.053(b). When a party timely objects to the assignment, the assigned judge's removal is mandatory and may be enforced by mandamus. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997).

This right to an unqualified objection, however, only applies to judges assigned under Chapter 74. *Houston Lighting & Power*, 976 S.W.2d at 672. Real parties argue that Judge Stephens' assignment was not under Chapter 74, but rather was authorized by Rule 18a.[3] Real parties further argue that this rule empowers the

---

**2.** Section 74.053(d) permits unqualified objection to the assignment of any former judge, such as Judge Stephens. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436 (Tex.1997). In contrast, each party to the case is entitled to only one objection to the assignment of a retired or regular judge. TEX. GOV'T CODE § 74.053(b). In *Mitchell Energy*, we noted that "a judge's status is fixed when a judge leaves office." *Mitchell Energy Corp.*, 943 S.W.2d at 437. Thus, a former judge, who accumulates additional service time as a visiting judge and subsequently retires, does not become a retired judge for purposes of section 74.053.

**3.** Rule 18a, "Recusal or Disqualification of Judges," provides in pertinent part:

\* \* \*

(d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements.... The presiding judge of the administrative judicial district shall immediately set a hearing before himself *or some other judge designated by him*,

...

Tex.R. Civ. P. 18a(d)(emphasis added).

presiding judge to assign judges to hear recusal motions and that such power is independent of that conferred under Chapter 74. Real parties conclude that because the presiding judge's authority to assign Judge Stephens to hear the recusal motion did not derive from Chapter 74, Golden Corral's objection was improper.

We have never specifically considered the argument that Rule 18a independently authorizes the presiding judge to assign judges to hear recusal motions. We have, however, previously granted mandamus to enforce a Chapter 74 objection to a judge assigned to hear a recusal motion under Rule 18a. *See Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996). While Rule 18a sets out the procedure for a trial judge's recusal or disqualification, it does not provide an independent basis apart from Chapter 74 for presiding judges to assign judges to hear such motions.

Rule 18a requires a trial judge who does not agree to recusal to refer the matter to the presiding judge of the administrative judicial district, who in turn may hear the motion or designate another judge to do so. TEX.R. CIV. P. 18a(d). When the presiding judge assigns the matter to another judge, he or she does so under authority as presiding judge of the administrative judicial district. Chapter 74 of the Government Code furnishes that authority in this instance, not our rules of civil procedure. Although this Court has the power to authorize the assignment of judges through a self-executing rule, we did not choose to do this when adopting Rule 18a.[4]

■ We therefore hold that Judge Stephens abused his discretion when he overruled the timely objection to his assignment to hear the recusal motion. Because disqualification is mandatory, mandamus is the appropriate remedy to compel the performance of this ministerial act. *Mitchell*

*Energy*, 943 S.W.2d at 437; *Flores*, 932 S.W.2d at 501. Without hearing oral argument, we conditionally grant the writ of mandamus and direct Judge Stephens to disqualify himself from any further proceedings in this matter. TEX.R.APP. P. 52.8(c). The writ will issue only if Judge Stephens fails to comply.

---

4. Compare TEX.R. CIV. P. 18a with TEX R. JUD. ADMIN. 11, which expressly excepts judges assigned thereunder from Chapter 74. Rule 11 provides: "An assignment under this rule is not made pursuant to section 74.054 of the Government Code, and therefore a presiding judge is not subject to an objection under section 74.053 of the Government Code." TEX.R. JUD. ADMIN. 11.3(e), *reprinted* in TEX. GOV'T CODE, tit. 2, subtit. F app. (1998).