

**NUMBERS 13-09-00525-CR & 13-09-00526-CR**

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE: ADAN PEREZ, JR.**

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Yañez, Benavides, and Vela
### Memorandum Opinion Per Curiam[1]

Relator, Adan Perez, Jr., pro se, filed a petition for writ of mandamus in the above cause on September 16, 2009, seeking to compel the trial court to provide relator with "an opportunity to purchase a full, complete, and accurate copy of the court reporter's record" for the plea agreement regarding relator's 1990 murder conviction.[2] We deny the petition

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator also filed a "motion for leave" to file this petition for writ of mandamus. We dismiss relator's motion for leave to file the petition for writ of mandamus as moot because the Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave in an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

as stated herein.

Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial; and (2) there is no adequate remedy at law. *See Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *See id.* "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.*

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure insofar as it fails to include certified or sworn copies of any orders or documents showing the matter complained of. *See generally* TEX. R. APP. P. 52.3(k), 52.7. Specifically, for instance, the record lacks copies of any alleged requests to the court reporter for the record. Second, to the extent that relator asks this Court to direct the trial court to allow him to purchase the reporter's record, there is nothing before the Court showing that relator has asked the trial court for the requested relief, and accordingly, this issue is not properly before us. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (mandamus is not available to compel an action that has not first been demanded and refused). In short, the evidentiary record before the Court fails to include or address factors relevant to when and how relator requested the reporter's record, and further fails to establish the requisite elements of demand and refusal as to the respondent's actions in this matter.

Accordingly, the petition for writ of mandamus is  DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this 22nd day of September, 2009.