NUMBER 13-10-00157-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: COUNSEL FINANCIAL SERVICES, L.L.C.






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion Per Curiam (1)



 Through this original proceeding, relator, Counsel Financial Services, L.L.C.
("Counsel Financial"), seeks to compel the trial court to "vacate that portion of the
temporary injunction order finding that Counsel Financial waived any objection to venue"
and to "order that all claims against Counsel Financial be transferred to Bexar County,
Texas." The Court has requested and received a response to the petition for writ of
mandamus from the real party in interest. The response states that the trial court has set
a hearing on relator's motion to transfer venue for May 18, 2010. 

 Mandamus will not issue unless (1) the relator has made a demand on the
respondent, and (2) the respondent has denied relief or otherwise refused to act. See In
re Perritt, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); Terrazas v. Ramirez, 829
S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); Axelson, Inc. v. McIlhany, 798 S.W.2d
550, 556 (Tex. 1990) (orig. proceeding). An exception to this "demand and refusal"
requirement arises if demand would be futile. See In re Perritt, 992 S.W.2d at 446;
Terrazas, 829 S.W.2d at 723. 

 Based on the record herein, relator's motion to transfer venue has not yet been
presented to or heard by the trial court, the trial court has not yet ruled on the motion to
transfer venue, and it does not appear that the submission of this issue to the trial court will
be futile. See In re Perritt, 992 S.W.2d at 446; Terrazas, 829 S.W.2d at 723. We
recognize that language exists in the temporary injunction order that references venue;
however, a properly noticed hearing on venue, based on the pertinent pleadings and
evidence, has not been held before the trial court. In short, the issue is premature because
the trial court has not yet ruled on relator's motion to transfer venue. See In re Hearn, 137
S.W.3d 681, 686 (Tex. App.-San Antonio 2004, orig. proceeding) (denying petition for writ
of mandamus seeking to compel the trial court to transfer venue). 

 The Court, having examined and fully considered the petition for writ of mandamus
and the response thereto, is of the opinion that relator has not shown itself entitled to the
relief sought. Our decision herein is not a determination of the merits of this case and does
not preclude further presentation of the issues herein to the trial court or this Court, if such
be necessary. Accordingly, the stay previously imposed by this Court is LIFTED. See Tex.
R. App. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is
effective until the case is finally decided."). The petition for writ of mandamus is DENIED
without prejudice. See id. 52.8(a).


 PER CURIAM



Delivered and filed the

27th day of April, 2010.

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).