

NUMBER 13-10-00157-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: COUNSEL FINANCIAL SERVICES, L.L.C.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion Per Curiam[1]**

Through this original proceeding, relator, Counsel Financial Services, L.L.C. ("Counsel Financial"), seeks to compel the trial court to "vacate that portion of the temporary injunction order finding that Counsel Financial waived any objection to venue" and to "order that all claims against Counsel Financial be transferred to Bexar County, Texas." The Court has requested and received a response to the petition for writ of mandamus from the real party in interest. The response states that the trial court has set a hearing on relator's motion to transfer venue for May 18, 2010.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus will not issue unless (1) the relator has made a demand on the respondent, and (2) the respondent has denied relief or otherwise refused to act. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding). An exception to this "demand and refusal" requirement arises if demand would be futile. *See In re Perritt*, 992 S.W.2d at 446; *Terrazas*, 829 S.W.2d at 723.

Based on the record herein, relator's motion to transfer venue has not yet been presented to or heard by the trial court, the trial court has not yet ruled on the motion to transfer venue, and it does not appear that the submission of this issue to the trial court will be futile. *See In re Perritt*, 992 S.W.2d at 446; *Terrazas*, 829 S.W.2d at 723. We recognize that language exists in the temporary injunction order that references venue; however, a properly noticed hearing on venue, based on the pertinent pleadings and evidence, has not been held before the trial court. In short, the issue is premature because the trial court has not yet ruled on relator's motion to transfer venue. *See In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.–San Antonio 2004, orig. proceeding) (denying petition for writ of mandamus seeking to compel the trial court to transfer venue).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown itself entitled to the relief sought. Our decision herein is not a determination of the merits of this case and does not preclude further presentation of the issues herein to the trial court or this Court, if such be necessary. Accordingly, the stay previously imposed by this Court is LIFTED. *See* Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED

without prejudice.  *See id.* 52.8(a).

PER CURIAM

Delivered and filed the
27th day of April, 2010.