Petition for Writ of Mandamus
Denied and Memorandum Opinion filed October 28, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00966-CV

____________

 

IN RE KRISTINA S., Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On October 7, 2010, relator Kristina S. filed a petition for
writ of mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  Relator complains that respondent, the Honorable Kyle
Carter, presiding judge of the 125th District Court of Harris County, abused
his discretion in awarding appellate attorney’s fees as sanctions in the final
dismissal order in cause number 2010-29216.  

Mandamus relief is available only to correct a clear abuse of
discretion for which the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).  We
determine the adequacy of an appellate remedy by balancing the benefits of
mandamus review against its detriments.  Id. at 136.  

On August 26, 2010, the trial court dismissed relator’s suit
for want of jurisdiction.  After finding that the suit was brought for
harassment, the trial court awarded sanctions, including attorney’s fees in the
event of an appeal.  Relator filed a timely motion to modify, correct or reform
the judgment, and she states that the trial court has not ruled on her motion. 
Therefore, relator’s petition is premature because the trial court has not
refused to modify its order.  See In re Perritt, 992 S.W.2d 444, 446
(Tex.1999) (orig. proceeding) (per curiam) (holding that a party’s right to
mandamus relief generally requires a predicate request for action and a refusal
of that request).

Moreover, because a final judgment has been rendered, relator
has an adequate appellate remedy.  A trial court may grant appellate attorney’s
fees as part of a sanctions order, but the award must be conditioned on the
appeal’s outcome.  In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex.
1998).  The trial court’s assessment of attorney’s fees in the event of an
unsuccessful appeal does not improperly chill the right to seek appellate
review; a conditional award of appellate fees is part of a sanctions award of
trial court costs and is designed to compensate for the expense of defending
the trial court award.  Loeffler v. Lytle I.S.D., 211 S.W.3d 331, 351
(Tex. App.—San Antonio 2006, pet. denied); see also Law Offices of Windle
Turley, P.C. v. French, 164 S.W.3d 487, 493 (Tex. App.—Dallas 2005, no
pet.) (upholding appellate attorney’s fees ordered as sanctions because expense
would be incurred as a result of unsuccessful appeal).  

Relator complains that because the trial court failed to
expressly condition the award of appellate attorney’s fees on the outcome of
the appeal, she has no appellate remedy, citing Braden v. Downey, 811
S.W.2d 922 (Tex. 1991).  In Braden, the court held that ordering the
relator to pay a discovery sanction before rendition of an appealable judgment
denied him an adequate remedy by appeal.  Id. at 930.  Here, an
appealable order has been entered, so Braden is not on point.  Relator
may suspend payment of the sanctions pending appeal.  See Tex. R. App.
P. 24.1.  On appeal, a court may modify the trial court’s judgment to condition
the award of appellate attorney’s fees.  See In re K.A.R., 171 S.W.3d
705, 712 (Tex. App.—Houston [14th Dist.] 2005, no pet.). 

Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Frost.