**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 10, 2011.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

———————

## NO. 14-11-00712-CV

———————

## IN RE KCS RESOURCES, LLC, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-15225**

## M E M O R A N D U M   O P I N I O N

On August 19, 2011, relator, KCS Resources, LLC (KCS), filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. KCS complains that respondent, the Honorable Michael Gomez, presiding judge of the 129th District Court of Harris County, abused his discretion in denying KCS's motion to stay the underlying suit under principles of comity until the resolution of a suit filed in Louisiana. *See In re Autonation, Inc.,* 228 S.W.3d 663, 670 (Tex. 2007) (orig. proceeding) (recognizing the general rule that Texas courts will stay a later-filed proceeding pending adjudication of the first suit between the same parties and concerning the same subject matter).

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

At oral argument, counsel for KCS advised this court that KCS has amended its pleadings in the Louisiana action. The respondent trial court has not been afforded an opportunity to consider the stay request in light of the amended pleadings. A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990). But the requirement that there be a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality. *See In re Texas Best Staff Leasing, Inc.*, Nos. 01-08-00296-CV & 01-08-00418-CV, 2008 WL 4531028, at *5-6 (Tex. App.—Houston [1st Dist.] Oct. 9, 2008, orig. proceeding [mand. denied]) (mem. op.). Because a request to stay based upon the amended Louisiana pleadings would have added something for the trial court's consideration, we conclude that such a request would not have been futile. *See id.* Because KCS has not satisfied the requirement of a predicate request and refusal by the trial court, it is not entitled to the mandamus relief requested. *See Axelson, Inc.*, 798 S.W.2d at 556; *In re Texas Best Staff Leasing, Inc.*, 2008 WL 4531028, at *5-6.

Accordingly, we deny KCS's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Boyce, and Christopher.