

# NUMBER 13-12-00190-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE EDUARDO MEDRANO

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez & Garza
### Per Curiam Memorandum Opinion[1]

Relator, Eduardo Medrano, filed a petition for writ of mandamus and a motion for temporary relief in this cause on March 22, 2012. Through this original proceeding, relator seeks to compel the trial court to transfer venue of the underlying modification suit to Travis County. *See* TEX. FAM. CODE ANN. § 155.201(b) (West 2008) ("If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

resided in the other county for six months or longer.").

Relator filed his motion to transfer venue on January 23, 2012. The real party in interest, Elisheba Marie Casey, thereafter filed a motion for leave to file a controverting affidavit regarding venue, and that motion has been set for hearing before the trial court on March 27, 2012. Relator subsequently requested the trial court to transfer the suit without holding a hearing on the pertinent motions. By motion for temporary relief, relator seeks to stay the hearing set for March 27, 2012 because that "issue and hearing is the basis for the relator's petition for writ of mandamus."

Mandamus will not issue unless (1) the relator has made a demand on the respondent, and (2) the respondent has denied relief or otherwise refused to act. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding). An exception to this "demand and refusal" requirement arises if demand would be futile. *See In re Perritt*, 992 S.W.2d at 446; *Terrazas*, 829 S.W.2d at 723.

Based on the record herein, neither relator's motion to transfer venue nor the real party's motion for leave to file a controverting affidavit have been heard by the trial court, the trial court has not yet ruled on the motion to transfer venue, and it does not appear that the submission of this issue to the trial court will be futile. *See In re Perritt*, 992 S.W.2d at 446; *Terrazas*, 829 S.W.2d at 723. In short, the issue is premature because the trial court has not yet ruled on relator's motion to transfer venue. *See In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.—San Antonio 2004, orig. proceeding) (denying petition for writ of mandamus seeking to compel the trial court to transfer venue).

2

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. The petition for writ of mandamus is DENIED without prejudice. *See* TEX. R. APP. P. 52.8(a). The motion for temporary relief is DENIED.

PER CURIAM

Delivered and filed the 23rd
day of March, 2012.