**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 1, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00765-CV

---

### IN RE JAMES KEITH WINGATE, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
County Court at Law No 2
Galveston County, Texas
Trial Court Cause No. 15-FD-1440**

---

## MEMORANDUM OPINION

On September 9, 2015, relator James Keith Wingate filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to: (1) compel the Honorable Barbara E. Roberts and Associate Judge Stephen Baker, presiding judges of the County Court at Law No 2 of Galveston County, to disqualify and recuse themselves; and (2) to dismiss the underlying action because of the real

party-in-interest's alleged improper service of her petition and to sanction the real party-in-interest for alleged violations of the rules for service of process.

Relator has not established that he is entitled to mandamus relief. "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999). Relator has not shown that he requested the relief he seeks in his petition from the trial court or that the trial court refused such relief, which are prerequisites for mandamus relief. *See In re Clewis,* 14-10-00086-CV, 2010 WL 547087, at *1 (Tex. App.—Houston [14th Dist.] Feb. 18, 2010, orig. proceeding). Accordingly, we deny relator's petition for writ of mandamus.

Additionally, as the party seeking relief, relator has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). We also deny relator's petition for writ of mandamus because he has not provided an adequate record.

Finally, we deny relator's petition for writ of mandamus because this court lacks jurisdiction to grant all or some of the relief that relator requests.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Brown.

2