**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 15, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-01010-CV

### IN RE JAMES KEITH WINGATE, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
County Court at Law No 2
Galveston County, Texas
Trial Court Cause No. 15-FD-1440

## MEMORANDUM OPINION

On December 4, 2015, relator James Keith Wingate filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Barbara E. Roberts and Associate Judge Stephen Baker, presiding

judges of the County Court at Law No 2 of Galveston County, to: (1) vacate the alleged denial of his motions to add third party actions and to amend his petition, and (2) disqualify and recuse themselves from presiding over the underlying divorce proceeding. Relator also asks this court to sanction real party's counsel for allegedly filing frivolous motions and violating the rules of service and process.

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator is not entitled to relief regarding the trial court's alleged denial of his motions to add third party actions and to amend his petition because he has not shown that these rulings were an abuse of discretion or that he lacks an adequate remedy by appeal. Additionally, although the trial court issued an order denying relator's motion to amend as moot, the order states that relator does not need leave of court to amend his petition at this time. Relator has not shown that he has been harmed by this order that indicates that he is free to amend.

Nor has relator established that he is entitled to relief regarding his motions to disqualify and recuse Judge Roberts and Associate Judge Baker. "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999). *See also In re Clewis,* 14-10-00086-CV, 2010 WL 547087, at *1 (Tex. App.—Houston [14th Dist.] Feb. 18, 2010, orig. proceeding) (denying petition for writ of mandamus because relator has not shown that the trial court denied his motion). Relator is not

entitled to relief because he admits in his petition that these motions are pending and have not been ruled on.

Finally, this court has no jurisdiction to grant relator's request that this court sanction real party's counsel for alleged misconduct in the trial court. This court's mandamus jurisdiction is limited to (1) writs against a district court judge or county court judge in our district, and (2) all writs necessary to enforce our jurisdiction. Tex. Gov't Code § 22.221; *In re Potts,* 14-12-00194-CV, 2012 WL 987857, at *1 (Tex. App.—Houston [14th Dist.] Mar. 22, 2012, orig. proceeding) (dismissing the mandamus proceeding to the extent relator seeks mandamus relief against the real parties).

Accordingly, we deny relator's petition for writ of mandamus.

Relator has also filed a motion for temporary relief that appears to seek relief related to his petition. Because we have denied relator's petition, we deny relator's motion as moot.

PER CURIAM

Panel consists of Justices Jamison, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

3