# NO. 12-17-00017-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RICARDO ROGER MORALES,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Ricardo Roger Morales, acting pro se, filed this original mandamus proceeding complaining of the trial court's denial of his "petition for judicial review."[1] We deny the petition.

### BACKGROUND

Relator filed a "petition for judicial review" under chapter 14 of the Texas Civil Practice and Remedies Code. He claimed violations of his due process rights and complained of the policies utilized by the Texas Department of Criminal Justice. On September 28, 2016, the Anderson County District Clerk notified Relator that his petition had been denied. The clerk also furnished Relator with a copy of the docket sheet, which contained a notation that the petition was denied. According to Relator, on October 26, he filed a request for findings of fact and conclusions of law, in which he alternatively sought leave to amend his pleadings to cure any defects. He states that the clerk responded by sending another copy of the September notice. Relator subsequently filed this original proceeding.

---

[1] Respondent is the Honorable Mark A. Calhoon of the 3rd Judicial District Court in Anderson County, Texas.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy that is available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding). "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding). The relator must establish that the trial court's act or refusal to act constitutes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36.

## AVAILABILITY OF MANDAMUS

In his sole issue, Relator contends that the trial court abused its discretion by denying his "petition for judicial review" without a hearing or written order, and by failing to sign findings and conclusions. He asks this Court to vacate the trial court's denial and remand the cause to the trial court to either review his petition on the merits or to allow Relator to refile his petition.

The trial court may dismiss a claim under Chapter 14 without holding a hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (West 2002). Moreover, the record does not show that Relator requested a written ruling on his petition and that the trial court refused to act. *See In re Seifullah*, No. 12-06-00425-CV, 2007 WL 172076, at *1 (Tex. App.—Tyler Jan. 24, 2007, orig. proceeding) (denying petition for writ of mandamus because record did not show request for ruling, followed by refusal of request). Nor does the record show that Relator called his request for findings and conclusions to the trial court's attention. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (stating that trial court not required to consider a motion not called to its attention and showing that motion was filed with clerk does not prove that motion was brought to trial court's attention or presented to trial court with request for a ruling). Under these circumstances, Relator has failed to establish an abuse of discretion by the trial court. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *see also Perritt*, 992 S.W.2d at 446.

## <u>DISPOSITION</u>

Because Relator has not shown an abuse of discretion, he has not satisfied the first prerequisite to mandamus relief and we need not address the second. *See **In re Prudential Ins. Co. of Am.***, 148 S.W.3d at 135–36; *see also **In re E. Tex. Med. Ctr. Athens***, 154 S.W.3d at 935; TEX. R. APP. P. 47.1. Accordingly, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered January 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 31, 2017

NO. 12-17-00017-CV

**RICARDO ROGER MORALES,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Ricardo Roger Morales; who is the relator in Cause No. DCCV16-529-3, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on January 6, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*