

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00156-CV
_____

MUKESH BHAKTA, APPELLANT

V.

KRISU HOSPITALITY, LLC, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 38,934; Honorable Phil N. Vanderpool, Presiding

May 18, 2018

## ORDER DENYING APPELLANT'S MOTION FOR
## TRAP 24 PRELIMINARY RELIEF

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before this court is *Appellant's Motion for TRAP 24 Relief*, filed by Mukesh Bhakta, Appellant herein and the judgment debtor in the proceeding below, seeking (1) an order from this court directing the trial court, or its district clerk, to accept the filing of Bhakta's *Notice of Deposit in Lieu of Bond*, including as an attachment to that notice a copy of Bhakta's affidavit concerning his net worth, (2) a stay of any proceedings designed to enforce the judgment the subject of this appeal, and (3) a stay of an ancillary lawsuit

(Cause No. 39,041, 223rd District Court, Gray County, Texas) brought by Appellee, Krisu Hospitality, LLC, pursuant to the Texas Uniform Fraudulent Transfer Act. *See* TEX. BUS. & COM. CODE ANN. § 24.001-.013 (West 2015 & West Supp. 2017). The relief requested is denied.

Bhakta's request that this court direct the trial court, or its district clerk, to accept the filing of Bhakta's *Notice of Deposit in Lieu of Bond* and Bhakta's affidavit concerning his net worth is a request in the nature of a proceeding seeking mandamus relief. The requirements for a petition for mandamus relief are set forth in Rule 52.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3. Even if we were to liberally construe Bhakta's motion as a petition seeking such relief, the motion falls woefully short because it fails to satisfy the requirements of Rule 52.3. Furthermore, as a general rule, mandamus is not available to compel a trial court to perform an act if the action has not first been requested and then refused by the trial court. *See In re Perritt,* 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (holding that a party's right to mandamus relief generally requires a predicate request for action and a refusal of that request). Moreover, this court does not have mandamus jurisdiction to direct the district clerk to accept Bhakta's filing as such an order would have to originate from the trial court. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.—San Antonio 1998, orig. proceeding) (recognizing that for a district clerk to fall within appellate court's jurisdictional reach, a relator must show that issuance of a writ of mandamus is necessary to enforce the appellate court's jurisdiction).

Bhakta's request that this court "stay" proceedings to enforce the judgment the subject of this appeal and that it "stay" proceedings in the ancillary lawsuit brought pursuant to the Texas Uniform Fraudulent Transfer Act are likewise inappropriate. The

procedure by which a judgment debtor may supersede the enforcement of a judgment are well defined in Rule 24.1 of the Texas Rules of Appellate Procedure. Where, as here, the judgment creditor has filed a contest of the judgment debtor's claimed net worth, this court's authority is limited to reviewing the trial court's ruling. *See* TEX. R. APP. P. 24.4(a).

Because Bhakta has requested relief that this court cannot grant at this time, *Appellant's Motion for TRAP 24 Relief* is denied.

It is so ordered.

Per Curiam