**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00729-CR

---

### IN RE DWAYNE RAYSHAUN WILSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 2219308**

---

## MEMORANDUM OPINION

On August 20, 2018, relator Dwayne Rayshaun Wilson, who was charged with the offense of carrying a handgun in a motor vehicle, filed a petition for writ of mandamus (mislabeled as a petition for writ of prohibition) in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. The petition states that the relief sought is dismissal of the charge against him and disqualification of the Honorable Jay Karahan, presiding judge of the County

Criminal Court at Law No 8. of Harris County. Relator has not alleged that he has sought the relief he requests in his petition from the trial judge.

As an intermediate appellate court, we only have original and appellate jurisdiction to the extent provided by law. Tex. Const. art. V, § 6. By statute, our mandamus jurisdiction is limited, such that we may only issue a writ of mandamus to enforce our own jurisdiction or issue a writ against certain kinds of judges identified in the statute. *See* Tex. Gov't Code Ann. § 22.221(a), (b) (West Supp. 2017).

Relator's petition does not request that we issue a writ of mandamus to enforce our jurisdiction or against the trial judge. Accordingly, we lack jurisdiction of relator's petition.

Further, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (per curiam); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding). Relator has not provided a record that shows that he has requested the relief he seeks from the trial judge and that the judge has refused such request.

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).