**Denied and Opinion Filed December 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-01518-CV
_____

### IN RE TEXAS HEALTH MANAGEMENT, LLC, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-00125-2018**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Schenck
Opinion by Justice Francis

In this original proceeding, relator seeks a writ of mandamus ordering the trial court to strike the real party in interest's motion for sanctions and motion for entry of final judgment, which are set for hearing in the trial court on January 18, 2019. To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

"Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (citing *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding)). Here, relator complains of no action by the trial court for this Court to review for an abuse of discretion, and the record includes nothing to show that relator asked the trial court for the relief it now seeks from this Court. Relator has not

argued or shown that the facts of this case present one of the "rare occasions" in which the predicate-request requirement should be relaxed. *See id.* Based on the record before us, we conclude relator has not shown it is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


<u>/Molly Francis/</u>
MOLLY FRANCIS
JUSTICE


181518F.P05