**Opinion issued February 4, 2020**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-20-00041-CV

———————————

## IN RE SANJAY KHANDUJA, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Sanjay Khanduja, has filed a petition for writ of mandamus seeking to compel the trial court to vacate its order denying relator's motion for leave to designate expert witnesses and to permit relator to designate two expert witnesses.[1]

---

[1] The underlying case is *In the Estate of R.K. Dhingra, Deceased*, Cause No. 396745-403, pending in Probate Court No. 1 of Harris County, Texas, the Honorable Jerry W. Simoneaux Jr. presiding.

Mandamus will issue only to correct a trial court's clear abuse of discretion for which the relator has no adequate remedy by appeal. *E.g.*, *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Other than a brief mention in the issues presented and summary of argument, relator's petition offers no argument or authority showing that the trial court clearly abused its discretion or that relator lacks an adequate remedy by appeal. Thus, relator has waived these arguments by not briefing them in his mandamus petition. *In re Nath*, No. 14-19-00757-CV, 2019 WL 6317859, at *2 (Tex. App.—Houston [14th Dist.] Nov. 26, 2019, orig. proceeding) (citing TEX. R. APP. P. 52.3(h)); *In re Neely*, No. 01-02-00355-CV, 2003 WL 164478, at *3 (Tex. App.—Houston [1st Dist.] Jan. 23, 2003, orig. proceeding) (citing TEX. R. APP. P. 52.3(h)).[2]

Moreover, the mandamus record does not include relator's motion for leave to designate expert witnesses. "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding). Moreover, "[e]quity generally is not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *E.g.*, *In re Jarvis*, 431 S.W.3d 129, 139 (Tex. App.—

---

[2]   In addition, relator's petition for writ of mandamus does not comply with Texas Rules of Appellate Procedure 52.3 and 52.7. *See* TEX. R. APP. P. 52.3(d)(3), (g), (k)(1)(A), 52.7(a), (c).

Houston [14th Dist.] 2013, orig. proceeding); *see also In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (holding that relator not entitled to mandamus relief on issue of ripeness because "record bears nary a hint that ripeness was questioned in the proceedings below"). Without relator's motion, the record does not show that relator presented the grounds to the trial court that he presents on mandamus review. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) ("As the parties seeking relief, the Walkers had the burden of providing this Court with a sufficient record to establish their right to mandamus relief."). Thus, relator has not shown that the trial court had an opportunity to address relator's mandamus arguments.

We deny the petition for writ of mandamus. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Goodman, and Countiss.