**Motion and Petition for Writ of Mandamus Denied and Opinion filed December 4, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00790-CV

## IN RE BAY WATCH DOLPHIN TOURS 1, LLC, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
Probate Court
Galveston County, Texas
Trial Court Cause No. PR-0077787-A**

---

## MEMORANDUM OPINION

On Friday, November 20, 2020, relator Bay Watch Dolphin Tours 1, LLC, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52.[1] In the petition, relator asks this Court to

---

[1] Relator filed an amended petition on December 1, 2020, and an amended certification and unsworn declaration on December 2, 2020. *See* Tex. R. App. P. 52(k)(1)(A), 52.7(a)(1). The substance of the petition is unchanged.

compel the Honorable Kimberly Sullivan, presiding judge of the Probate Court of Galveston County, to vacate the portions of her Order Appointing Receiver, signed November 12, 2020, granting the receiver the authority to sell relator's assets and requiring relator to turn over assets to the receiver.

That same day, relator filed a motion for temporary relief seeking a stay of trial court proceedings, including the November 12, 2020 order, pending disposition of the petition. *See* Tex. R. App. P. 10.3(a)(3), 52.10(a). Upon our request, a response to the motion has been filed.

The extraordinary nature of mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act. *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (citing *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding)). The record before this court does not show relator's arguments have been presented to the trial court. Accordingly, we cannot consider them. *See In re Lawson*, No. 14-20-00261-CV, 2020 WL 1855199, at *2–3 (Tex. App.—Houston [14th Dist.] Apr. 14, 2020, no pet.) (mem. op.). "Arguments not presented to the trial court will not be considered in the review of a petition for writ of mandamus." *Id.* (citing *In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding); *see also In re Second St. Properties LLC*, No. 14-16-00390-CV, 2016 WL 7436649, at *5 (Tex. App.—Houston [14th Dist.] Dec. 22, 2016, orig. proceeding) (per curiam) (mem. op.) (*quoting In re RH White Oak, LLC*, No. 14-15-00789-CV, 2016 WL 3213411, at *9 (Tex. App.—Houston [14th Dist.] June 9, 2016, orig. proceeding) (mem. op.).

Relator concedes that it did not file objections with the trial court. Relator does not refer this court to any requests for relief in the trial court, does not show

that any relief sought was brought to the trial court's attention for a ruling, or that it set any request for a ruling for submission or a hearing. *See In re Lawson*, 2020 WL 1855199, at *2–3 (citing *In re Amaro*, No. 14-14-00340-CV, 2014 WL 2157088, at *1–2 (Tex. App.—Houston [14th Dist.] May 20, 2014, orig. proceeding) (per curiam) (mem. op.)). Nor has relator shown that the facts present one of the "rare occasions" in which the predicate-request requirement should be relaxed. *See In re Coppola*, 535 S.W.3d at 510.

Relator's petition for writ of mandamus is denied.

Because the record also does not reflect sought a stay of the November 12, 2020 order from the trial court, the motion for temporary relief is denied.

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.