**Conditional Grant and Opinion Filed February 13, 2024**



**In the**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-01197-CV

## IN RE MARSANA DE MONSERAT, Relator

**Original Proceeding from the Probate Court No. 1
Dallas County, Texas
Trial Court Cause No. PR-20-02296-1**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

Before the Court are relator's November 28, 2023 petition for writ of mandamus and emergency motion to stay. In her petition, relator challenges the trial court's order granting a new trial on grounds that the trial court failed to specify its reason for granting a new trial as required by Texas law. In her emergency motion, relator seeks a stay of this order pending our action on the petition, which we deny as moot. We conditionally grant the writ because the trial court's order is facially deficient.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy.

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). There is no adequate remedy by appeal when a trial court issues an erroneous new-trial order. *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 299 n.5 (Tex. 2023) (orig. proceeding). And a trial court abuses its discretion by issuing a new-trial order without "clearly identifying an understandable, reasonably specific explanation for why a new trial is warranted." *See id.*

Following our review of relator's petition, we requested a response, noting we were "of the tentative opinion that relator is entitled to the relief sought in the petition" and citing recent Texas Supreme Court precedent indicating respondent's order is facially deficient for failing to state sufficient reasons for granting a new trial. Real party filed a response raising the predicate request-and-refusal requirement and also supplemented the record with an email exchange between the parties and the trial court, but he spent only one short paragraph devoid of meaningful legal analysis regarding the sufficiency of the trial court's order. The respondent trial court did not file a response.

Real party complains that relator has failed to meet a threshold requirement for mandamus relief, the predicate request-and-refusal doctrine. That doctrine provides that "[d]ue to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding). This doctrine leaves room for

exceptions, and the supreme court has recognized one, explaining that "on rare occasions" the predicate requirement may be relaxed "when the circumstances confirmed that 'the request would have been futile and the refusal little more than a formality.'" *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (per curiam) (orig. proceeding) (quoting *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding)).

The supreme court has detailed multiple times that mandamus review of new-trial orders is not limited to facial validity but that a court reviewing a petition for writ of mandamus may go beyond the surface and review the merits of the court's decision to grant a new trial. *See, e.g.*, *Rudolph Auto.*, 674 S.W.3d at 302 ("[T]he appellate courts' mandamus review is not limited to assessing the facial validity of the new-trial order but necessarily extends to the underlying merits."); *In re Bent*, 487 S.W.3d 170, 177 (Tex. 2016) (orig. proceeding) ("[Facially] noncompliant [new-trial] orders will be subject to mandamus review."); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 757 (Tex. 2013) (orig. proceeding) ("[A new-trial] order that does not satisfy these [facial] requirements may be corrected by mandamus."). So that the appellate courts may review the merits of a petition for writ of mandamus, the supreme court has directed trial courts to give "meaningful," "truly proper and sufficiently weighty" reasons for granting the new trial. *See Rudolph Auto.*, 674 S.W.3d at 300.

We are not presented with a mandamus request for merits review, however. Relator asks us only to review the order's facial validity due to the fact that the trial court failed to specify the grounds for granting a new trial in the order. For three reasons, we conclude that on this record, this is one of the rare occasions where the circumstances confirm that a request by relator to the respondent trial court to fix the defect at issue would have been futile and little more than a formality. *Perritt*, 992 S.W.2d at 446. First, the trial court granted real party's motion for new trial without setting it for submission by hearing and without otherwise giving relator an opportunity to respond. Second, the trial court's error has nothing to do with real party's substantive requests for new trial, and relator does not call on us to review the order's substantive merits in this proceeding.

Third, the record demonstrates that after this Court requested a response to relator's mandamus petition, real party took efforts to try to get the respondent trial court to cure the defect at issue. Specifically, real party emailed the trial court's briefing attorney, administrative assistant, and docket coordinator to notify them that he had filed a proposed amended new-trial order. He explained that the order's purpose was to "address" and "moot" this pending mandamus proceeding. Relator replied all and, addressing the court staff, objected to consideration of the proposed order without a hearing, and relator requested a hearing. Following this exchange, the briefing attorney emailed the parties of record and stated the trial court "is satisfied" with its original new-trial order. The respondent trial court could have

–4–

mooted this proceeding, but it has not done so. Real party complains of relator's litigation tactics in the emails, but ultimately, real party ignores this court's actions and the respondent trial court's inaction in response. Thus, this record shows that real party asked the trial court to fix the error at issue and the respondent trial court refused.

We are confident any further action in the trial court would be futile because there is nothing further for the trial court to consider regarding the facial invalidity of its new trial order. *See In re Dunn*, No. 14-23-00666-CV, 2023 WL 5921522, at *1 (Tex. App.—Houston [14th Dist.] Sept. 12, 2023, orig. proceeding) (mem. op.) ("To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the trial court's consideration."); *Perritt*, 992 S.W.2d at 446 (finding that the futility exception applied and noting that "had [relators] filed their own formal objection to Judge Stephens, it would have added nothing for the court's consideration," given the objection mirrored another party's filed objection). Accordingly, relator's facial validity issue is properly before this court.

"The Texas Constitution provides that the right of trial by jury 'shall remain inviolate.'" *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 206 (Tex. 2009) (quoting Tex. Const. art. I, § 15). "No level of the judiciary has the authority to repudiate a determination, predicated on the presence of probative evidence, made by a properly constituted and instructed jury in response

–5–

to a properly submitted question." *Rudolph Auto.*, 674 S.W.3d at 299. "When a trial court perceives a problem to be so serious that only the strong medicine of a new trial can cure it, the court may order a new trial if it provides an explanation that the appellate courts can review." *Id.* at 296. "[T]rial courts have no authority to grant a new trial without a valid reason[.]" *Id.* at 302.

The trial court's order does not identify a valid reason for a new trial. Instead, it reads: "Came on for consideration the Defendant's Motion for New Trial . . . The Court, having reviewed the Motion, the Jury Charge, pertinent pleadings, and the trial record, finds that the Motion should be granted." Thus, the trial court's order lacks an understandable and reasonably specific explanation justifying a new trial, thereby leaving us with nothing to review. *See id.* at 296. This constitutes an abuse of discretion because it was both unreasonable and without reference to guiding rules and principles concerning motions for new trial. *See In re Kappmeyer*, 668 S.W.3d 651, 655 (Tex. 2023) (orig. proceeding).

Because both mandamus prongs have been satisfied, we conditionally grant relator's petition for writ of mandamus. We direct the trial court to vacate its November 20, 2023 order granting a new trial. If the trial court fails to do so, the writ will issue.

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

231197f.p05

–6–