**Opinion issued April 11, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00269-CV**

———————————

**IN RE AYLEEN ESPARZA, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

In April 2023, Relator Ayleen Esparza served her sworn responses to Real Party in Interest Johnson Fence and Masonry, LLC's Requests for Admissions denying certain requests. In February 2024, after deposing Relator, Real Party moved to sanction Relator for failure to admit "the truth of various matters . . . and [for] her abuse of the discovery process in resisting discovery." Relator did not respond to the Motion for Sanctions or appear at the March 18, 2024 hearing on the

motion.[1]  On March 18, 2024, the trial court signed an order granting the Motion for Sanctions, ordering Relator to pay $35,202.45 within fourteen days of the order, and noting that failure to pay by the due date would result in a penalty of $500 per day and the potential imposition of additional sanctions.  The fourteen days expired on April 1, 2024.

On April 8, 2024, Relator filed an Application for Writ of Mandamus requesting we direct the trial court to "vacate the award of sanctions" granted on March 18, 2024.[2]  Relator also filed an Emergency Motion requesting we stay the trial court's order pending adjudication of her writ.  The next day, Real Party filed a response opposing the application and request for emergency stay.

---

[1]     In its application, Relator states that no record was made of the March 18, 2024 sanctions hearing.

[2]     The underlying case is *Johnson Fence and Masonry, LLC v. Stephen Anthony Walsh, Teresita Tezeno a/k/a Teresita N. Valdez, JBlake Construction LLC, S.O.A. Construction Services, LLC, Amados Tractors Inc., Olver Amado Cureno-Nava, Fernando Ivan Cureno, Amado Cureno, Ayleen Estefania Esparza*, Cause No. 2022-75023, in the 11th District Court of Harris County, Texas, the Honorable Kristen Hawkins presiding.

We deny Relator's Application for Writ of Mandamus. *See* TEX. R. APP. P. 52.8(a); *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) ("A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request."); *In re Jindal Saw Ltd.,* 264 S.W.3d 755, 767 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (pet. granted) (holding that failure to advance arguments at trial level prevented relators from asserting such arguments on mandamus); *In re Bank of America*, No. 01–02–00867–CV, 2003 WL 22310800, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding) ("[I]t would be hard to conclude, without circumstances that were highly unusual or that made a trial court's ruling void, that a trial court could abuse its discretion in making a ruling for a reason that was never presented to the court.").

All pending motions are denied as moot.

## PER CURIAM

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.