**DENY and Opinion Filed August 9, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00466-CV

### IN RE MARSANA DE MONSERAT, Relator

**Original Proceeding from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-20-02296-1**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

In this original proceeding, relator challenges the trial court's order granting a second motion for new trial. Specifically, relator seeks mandamus relief on the grounds that (1) the trial court lacked plenary power to issue the order; (2) the trial court failed to adequately specify its reasons for granting a new trial in its written order as required by Texas law; and (3) the trial court's reasons for granting a new trial fail on the merits because they are unsupported by the law and record.[1]

---

[1] Relator had previously filed a petition for writ of mandamus from the trial court's order granting the first motion for new trial. That first order was vacated after this Court conditionally granted mandamus relief. *See In re De Monserat*, No. 05-23-01197-CV, 2024 WL 575852, at *3 (Tex. App.—Dallas Feb. 13, 2024, orig. proceeding) (mem. op.).

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that she lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). After reviewing the petition and the record before us, we conclude that relator has failed to demonstrate entitlement to mandamus relief. Contrary to relator's argument, we conclude that the trial court did not lack plenary power to grant the second motion for new trial. The mandamus record also fails to show that relator made a predicate request to the trial court to correct the alleged deficiencies in its written order. *See In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding) ("Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act."). Based on the circumstances here, we conclude that this is not one of those rare occasions where the predicate requirement may be relaxed. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (per curiam) (orig. proceeding) (explaining that predicate requirement may be relaxed on rare occasions when circumstances confirm the request would be futile and the refusal little more than a formality).

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Dennise Garcia/
_____
DENNISE GARCIA
240466F.P05                            JUSTICE

–2–