**Opinion issued July 6, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00382-CV**

_____

**IN RE DEREK OBIALO, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator Derek Obialo filed a petition for writ of mandamus asking this Court to compel the trial court to set aside as void the September 27, 2021 order granting real party in interest Anita Kawaja's motion to dismiss under the Texas Citizens Participation Act.[1] We conditionally grant the petition for writ of mandamus.

---

[1] The underlying case is *Derek Obialo v. Jerald A. Brown, Anthony Ray Sueing, Frontline Recovery and Consulting, Inc., Frontline Recovery Consulting North, Inc., and Anita Fred Kawaja*, cause number 2021-18043, pending in the 55th District Court of Harris County, Texas, the Honorable Latosha Lewis Payne,

## Background

On June 22, 2021, Anita F. Kawaja filed a TCPA motion to dismiss claims made by relator Obialo. On July 23, 2021, the trial court held a hearing on Kawaja's TCPA motion to dismiss. The trial court did not rule on the motion within 30 days, and on August 24, 2021, Kawaja filed a notice of appeal from the denial by operation of law of her TCPA dismissal motion.

On September 9, 2021, the trial court signed an order, granting with prejudice Kawaja's motion to dismiss. The trial court's order stated that the court extended the time for ruling on the motion to September 9, 2021, pursuant to the authority granted by the Texas Supreme Court's Emergency Order.[2]

presiding. Kawaja is the sole real party in interest involved in this original proceeding.

[2] The Texas Supreme Court's Fortieth Emergency Order Regarding the COVID-19 State of Disaster provides in part:

> 3.    Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal, without a participant's consent:
> a.    except as provided in paragraph 4, modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than October 1, 2021;
> . . . .
> 8.    This Order is effective August 1, 2021, and expires October 1, 2021, except as otherwise stated herein, unless extended by the Chief Justice of the Supreme Court.

. . . .

Misc. Docket No. 21-9079 (Tex. July 19, 2021).

Kawaja questioned the validity of the September 9, 2021 order granting her motion to dismiss under the TCPA because it was entered while the statutory automatic stay was in effect. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(b) (providing for stay of all proceedings in trial court pending resolution of appeal of denial of motion to dismiss under TCPA). Kawaja dismissed her interlocutory appeal, *see Kawaja v. Obialo*, No. 01-21-00458-CV, 2021 WL 4256091, at *1 (Tex. App.—Houston [1st Dist.] Sept. 17, 2021, no pet.) (mem. op.), and she asked the trial court to sign a new order granting her TCPA motion to dismiss.

On September 27, 2021, the trial court held a hearing on Kawaja's motion for the court to sign a new order granting the TCPA motion to dismiss. At the hearing, Kawaja's counsel acknowledged that the September 9, 2021 order was void because it was entered while the automatic stay was in effect. Obialo argued, among other things, that extending the time to rule on Kawaja's TCPA dismissal motion would violate the Texas Constitution's limitations on retroactivity. The trial court and the parties discussed the unusual procedural posture and whether the court had the power to grant the relief that Kawaja had requested, considering the statutory deadline for ruling on a TCPA dismissal motion, the Supreme Court's emergency orders, the general rule that a trial court with plenary power may vacate its own earlier interlocutory orders before entering final judgment, and concerns about the rights and timeliness of a potential second interlocutory appeal. They

3

also discussed what an order granting Kawaja's request should specifically state, including whether it should expressly vacate any earlier orders.

On September 27, 2021, the trial court signed an order that was substantially the same as the September 9, 2021 order, except that it extended the time for determining the motions until September 27, 2021. That same day, Kawaja filed a notice of interlocutory appeal challenging the trial court's earlier denial by operation of law of her TCPA motion to dismiss.

In this Court, all the parties involved filed motions to dismiss this second interlocutory appeal, including both Kawaja and Obialo. On May 2, 2023, we dismissed the appeal, noting that no opinion had issued.[3] *See Kawaja v. Obialo (II)*, No. 01-21-00519-CV, 2023 WL 3183319, *2 (Tex. App.—Houston [1st Dist.] Sept. 17, 2021, no pet.) (mem. op.).

On May 23, 2023, Obialo filed this petition for writ of mandamus.

## Analysis

In this court, Obialo asks us to order the trial court to vacate its September 27, 2021 order as void. He makes several arguments to support his contention that the order granting Kawaja's TCPA dismissal motion was void because it had already been denied by operation of law and the Supreme Court's COVID-19 order

---

[3] Kawaja has since filed a combined motion for rehearing and motion for en banc reconsideration. By separate order, the Court today grants Kawaja's motion for rehearing.

4

did not permit an after-the-fact extension of time. Kawaja responds that mandamus is inappropriate because Obialo has not made a predicate request, such as asking the trial court to vacate the order.

## I.  Standards of review

"Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (citing *Callahan v. Giles*, 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941)). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id.*; *accord In re Am. Airlines, Inc.*, 634 S.W.3d 38, 42 (Tex. 2021). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy on appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004)). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law . . . ." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (footnote omitted) (internal quotations omitted). A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *Dawson*, 550 S.W.3d at 628; *Prudential*, 148 S.W.3d at 135. When a relator asserts that a challenged order is void, he does not need to

5

show that there is no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000); *In re Florence*, No. 01-20-00556-CR, 2023 WL 362889, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 24, 2023, orig. proceeding) (mem. op.).

## II. Waiver

Before we reach the merits of Obialo's arguments, we consider Kawaja's contention that he has waived his right to seek mandamus by failing to make a predicate request of the trial court.

"Equity is generally not served by issuing an extraordinary writ against a trial court on a ground that was never presented to the court and that the court thus had no opportunity to address." *In re Tex. Best Staff Leasing, Inc.*, No. 01-08-00296-CV, 2008 WL 4531028, at \*5 (Tex. App.—Houston [1st Dist.] Oct. 9, 2008, orig. proceeding) (mem. op.); *accord In re Khanduja*, No. 01-20-00041-CV, 2020 WL 543418, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 4, 2020, orig. proceeding) (mem. op.). Mandamus relief generally requires a predicate request for an action and a refusal of that request. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (citing *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990)). However, the requirement that there be a predicate request and an adverse ruling is excused "when the request would have been futile and refusal little more than a formality." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991); *accord Tex.*

*Best Staff Leasing*, 2008 WL 4531028, at *5. To determine whether a request would have been futile, courts examine whether the request would have added anything for the court's consideration. *Perritt*, 992 S.W.2d at 446.

In this case, the trial court held a hearing on September 27, 2021, on Kawaja's motion for the trial court to sign another order granting her TCPA motion to dismiss. During the hearing, Obialo argued that the TCPA dismissal motion was "dead" because it was denied by operation of law, appealed, and voluntarily dismissed on appeal. He also argued that the Supreme Court's emergency orders permitted trial courts to alter deadlines subject to constitutional limitations. He asserted that a retroactive extension of the deadline for the court to rule on the TCPA motion would run afoul of the Texas and United States Constitutions. Kawaja's counsel responded that constitutional prohibitions on retroactivity applied to vested common law rights but not to vested statutory rights or claims.

Obialo raised the same arguments in the trial court as he does in this mandamus proceeding. Requiring Obialo to make an additional request to the trial court to vacate an order on the same grounds on which he argued against the trial court's issuance of the order would be little more than a formality. Because Obialo already presented these arguments to the trial court, it has already had an opportunity to address them. Thus, we conclude that an additional request to vacate

7

the trial court's September 27, 2021 order would not have added anything for the trial court's consideration. *See Perritt*, 992 S.W.2d at 446. We therefore reject Kawaja's contention that Obialo waived his right to seek mandamus.

## III. Voidness

Obialo contends that the trial court's September 27, 2021 order is void, and we agree. Our Court's recent case, *Cweren v. Eureka Multifamily Group, L.P.*, No. 01-21-00470-CV, 2023 WL 2977755, at *8 (Tex. App.—Houston [1st Dist.] Apr. 18, 2023, no pet. h.) (mem. op.), is controlling here. In *Cweren*, our Court considered whether an order granting a TCPA dismissal motion on September 3, 2021 was effective when the motion had already been denied by operation of law several days prior, on August 30, 2021. *Id.* The *Cweren* appellants argued that their TCPA motion to dismiss was not denied by operation of law because the trial court "invoked the authority granted by the Texas Supreme Court's emergency orders and [extended] the deadline for it to rule on [appellants'] TCPA [m]otion [to] September 3, 2021." *Id.* (quoting appellants' brief). *Cweren* explained the relevant provisions of the TCPA as well as the relevant Texas Supreme Court Emergency Order Regarding the COVID-19 State of Disaster. *Id.* at *9–10. We held that the Supreme Court's emergency order could not be used "*after* the deadline to rule has passed and *after* the TCPA motion has been denied by operation of law to revive or

extend the mandatory deadline for the trial court to rule on a TCPA motion to dismiss." *Id.* at \*11 (emphasis in original).

In this case, the trial court entered two orders that purported to grant Kawaja's TCPA motion after the deadline to rule had passed and after the TCPA motion had already been denied by operation of law. Prior to the denial of the TCPA motion by operation of law, the court did not indicate that anything about the COVID-19 State of Disaster warranted an extension of time to rule or that it was extending the deadline in accordance with the Texas Supreme Court's emergency order. Under *Cweren*, the trial court's September 27, 2021 order is void.[4]

---

[4] In this original proceeding, Obialo did not challenge the September 9, 2021 order, which, like the September 27, 2021 order, was entered after the TCPA dismissal motion had already been denied by operation of law.

## Conclusion

Having concluded that the challenged order is void, we conditionally grant the petition for writ of mandamus. *See Sw. Bell Tel. Co.*, 35 S.W.3d at 605. We direct the trial court to vacate the September 27, 2021 order. We are confident the trial court will comply, and our writ will issue only if it does not.

                                                Peter Kelly
                                                Justice

Panel consists of Chief Justice Adams, and Justices Kelly and Goodman.